**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RLIS, Inc., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **ALLSCRIPTS HEALTHCARE** | ) | **Jury** |
| **SOLUTIONS, Inc.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff RLIS, Inc. ("RLIS"), by its attorneys, alleges as follows for its Complaint for

Patent Infringement against Defendant Allscripts Healthcare Solutions, Inc. ("Allscripts").

## PARTIES

1.      Plaintiff RLIS is a Texas corporation with its principal place of business at 86 S.

Copper Sage Circle, The Woodlands, Texas 77381.

2.      Defendant Allscripts Healthcare Solutions, Inc. is a Delaware corporation with its

principal place of business at 222 Merchandise Mart Plaza, Suite 2024, Chicago, Illinois 60654.

Allscripts may be served with process by serving its registered agent, CT Corporation System, at

208 S. LaSalle St., Suite 814, Chicago, Illinois 60604-1101.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the

United States of America, Title 35 of the United States Code.  This Court has original and

exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and

1338.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.  Upon information and belief, defendant Allscripts has transacted business in this District, continues to transact business in this District, has committed and induced acts of infringement in this District, and continues to commit and/or induce acts of infringement in this District.

5.      This Court has personal jurisdiction over defendant Allscripts because it has sufficient contacts with the state of Texas and this District to permit exercise of personal jurisdiction.  Upon information and belief, Allscripts has transacted business in this District, has committed and/or induced acts of infringement in this District and continues to commit and/or induce acts of infringement in this District.

## BACKGROUND

6.      RLIS is the owner of all right, title and interest in, and has standing to sue for all past, present and future damages for, infringement of United States Patent No. 7,076,436 ("the '436 patent") entitled MEDICAL RECORDS, DOCUMENTATION, TRACKING AND ORDER ENTRY SYSTEM, which was duly and legally issued by the United States Patent and Trademark Office on July 11, 2006.  A copy of the '436 patent is attached as Exhibit A to this Complaint.

7.      The '436 patent lists as named inventors Dr. James E. Ross, Jr. and William J. Lynch.  Dr. Ross is presently the majority shareholder of RLIS.  Dr. Ross and Mr. Lynch have assigned all rights in the '436 patent to RLIS.

8.      Dr. Ross is a licensed medical physician with over 30 years of experience in the fields of emergency medical treatment and preventative medicine.  He has worked in several hospitals and medical facilities.  During the course of his career, Dr. Ross became familiar with the need for doctors, medical personal and hospital staff to create, maintain and reference

medical records reflecting personal information, diagnosis and treatment of a patient for medical evaluation.

9.      Dr. Ross co-founded and incorporated RLIS in 1993.  RLIS developed an intuitive and easy-to-use electronic medical record ("EMR") system for the creation, maintenance and tracking of medical records.  Dr. Ross used the unique insight gained from his long medical career to design the EMR system's functionality and interface to appeal to physicians and medical staff responsible for creating medical records.

10.      To protect its valuable intellectual property incorporated into its EMR system, RLIS filed an application for a patent with the United States Patent and Trademark Office on July 8, 1996 which was assigned serial number 08/676,458 ("the '458 application").  On June 19, 1998, RLIS filed a divisional application of the '458 application which was assigned serial number 09/100,100 ("the '100 application"), which issued as the '436 patent.

## COUNT
### (Infringement of United States Patent 7,076,436)

11.      RLIS incorporates and realleges the proceeding paragraphs as if fully set forth herein.

12.      Allscripts has knowingly made, used, offered to sell and/or imported into the United States EMR products including but not limited to Allscripts Enterprise EHR that infringe, and Allscript's continues to infringe one or more claims of the '436 patent under 35 U.S.C. § 271(a).

13.      Allscripts has knowingly and actively induced and continues to induce infringement under 35 U.S.C. § 271(b) of one or more claims of the '436 patent by making using, offering to sell, selling and/or importing into the United States EMR products including Allscripts Enterprise EHR.

14.     As an example, Allscripts website states that over 180,000 physicians and 1500 hospitals use its EMR products including but not limited to Allscripts Enterprise EHR.  On information and belief, at least some of these customers have used and continue to use Allscripts' Enterprise EHR products in a manner that directly infringes one or more claims of the '436 patent.

15.     Allscripts also offers "Education Services" including formal instructor led classes and web-based e-learning classes.  Allscripts makes available instruction and training materials to its customers.  On information and belief, this education and training also actively induces Allscripts' customers to practice one or more claims of the '436 patent.

16.     On information and belief, Allscripts' actions have and continue to be undertaken with knowledge of the '436 patent and with the intent that Allscripts' actions would induce its customers to directly infringe the '436 patent.  Allscripts' actions have at the very least been undertaken in willful blindness to the '436 patent.

17.     Allscripts has committed and continues to commit acts of contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '436 patent by making using, offering to sell, selling and/or importing into the United States EMR products including but not limited to Allscripts Enterprise.

18.     Allscripts has and continues to make its EMR products available to its customers who, on information and belief, incorporate those products with other software, information, patient data, and text in a manner that infringes the '436 patent.

19.     On information and belief, Allscripts' actions have and continue to be undertaken with knowledge of the '436 patent and with knowledge that its customers adaption of Allscripts' EMR products would infringe the '436 patent.

20.     On information and belief, Allscripts' EMR products are not a staple article and do not have a substantial non-infringing use.

21.     Allscripts' infringement of the '436 patent has injured RLIS, and RLIS is entitled to recover damages adequate to compensate it for its injuries in the amount of at least a reasonable royalty.

22.     Allscripts' infringement was and has been undertaken with knowledge of the '436 patent and willfully, intentionally, and deliberately in violation of 35 U.S.C. § 284.

23.     Allscripts' willful infringement entitles RLIS to receive increased damages under 35 U.S.C. § 284.

24.     Allscripts will continue to unlawfully infringe the '436 patent and will continue to cause irreparable injury to RLIS unless and until it is enjoined by the Court.

## JURY DEMAND

25.     Plaintiff RLIS demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RLIS, Inc. prays that the Court enter judgment against Allscript Healthcare Solutions, Inc. as follows:

(1) Entry of judgment holding Allscripts liable for infringement of the '436 patent;

(2) An award to RLIS of damages against Allscripts for infringement of the '436 patent together with prejudgment and post-judgment interest;

(3) An award to RLIS of increased damages for Allscripts' willful infringement of the '436 patent;

(4) An order enjoining Allscripts, its officers, agents, and employees, and those in active concert or participation with them, from continued acts of infringement of the '436 patent;

(5) A determination that this case is exceptional and an award to RLIS of its costs and attorney's fees pursuant to 35 U.S.C. § 285; and

(6) Such other and further relieve to RLIS at law or in equity which the Court may deem proper.

Respectfully submitted,

/s/ *Daniel W. Jackson*
Daniel W. Jackson, SBN 00796817
S.D. of Texas ID No. 20462
3900 Essex Lane, Suite 1116
Houston, Texas  77027
(713) 522-4435
(713) 527-8850 – fax
daniel@emmonsjackson.com

Attorney in Charge for Plaintiff

OF COUNSEL:

Emmons & Jackson, P.C.
Scott K. Vastine, SBN 24056469
S.D. of Texas No. 743194
3900 Essex Lane, Suite 1116
Houston, Texas  77027
(713) 522-4435
(713) 527-8850 – fax
scott@emmonsjackson.com